CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
OCTAVIO SANTOS GONZALEZ,
*individually and on behalf of others similarly situated,*

                *Plaintiff*,

-against-

MOTT HAVEN BAGEL & BARISTA CAFE LLC (D/B/A MOTT HAVEN BAGEL & BARISTA CAFE), SHAHROOKH BODHANWALA, and EITY HOSNEARA,

                *Defendants*.
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Octavio Santos Gonzalez ("Plaintiff Santos" or "Mr. Santos"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against Mott Haven Bagel & Barista Cafe LLC (d/b/a Mott Haven Bagel & Barista Cafe), ("Defendant Corporation"), Shahrookh Bodhanwala, and Eity Hosneara, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

    1.    Plaintiff Santos is a former employee of Defendants Mott Haven Bagel & Barista Cafe LLC (d/b/a Mott Haven Bagel & Barista Cafe), Shahrookh Bodhanwala, and Eity Hosneara.

    2.    Defendants own, operate, or control a restaurant cafe, located at 221 East 138th Street, The Bronx, NY 10451, under the name "Mott Haven Bagel & Barista Cafe".

3. Upon information and belief, individual Defendants Shahrookh Bodhanwala and Eity Hosneara, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Santos was employed as counter worker at the restaurant located at 221 East 138th Street, The Bronx, NY 10451.

5. At all times relevant to this Complaint, Plaintiff Santos worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Santos appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Furthermore, Defendants failed to pay Plaintiff Santos wages on a timely basis.

8. In this regard, Defendants have failed to provide timely wages to Plaintiff Santos Defendants' conduct extended beyond Plaintiff Santos to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Santos and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10. Plaintiff Santos now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Santos seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Santos' state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a restaurant cafe located in this district. Further, Plaintiff Santos was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Octavio Santos Gonzalez ("Plaintiff Santos" or "Mr. Santos") is an adult individual residing in the Bronx County, New York.

15. Plaintiff Santos was employed by Defendants at Mott Haven Bagel and Barista from approximately May 1, 2021, until on or about February 16, 2023.

16. Plaintiff Santos consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants own, operated, or control a restaurant cafe, located at 221 East 138th Street, The Bronx, NY 10451, under the name "Mott Haven Bagel & Barista Cafe".

18. Upon information and belief, Mott Haven Bagel & Barista Cafe LLC (d/b/a Mott Haven Bagel & Barista Cafe) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 221 East 138th Street, The Bronx, NY 10451.

19. Defendant Shahrookh Bodhanwala is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Shahrookh Bodhanwala is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Shahrookh Bodhanwala possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Santos, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant Eity Hosneara is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Eity Hosneara is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Eity Hosneara possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Santos, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

21. Defendants operate a restaurant cafe located in the Mott Haven neighborhood in The Bronx.

22. Individual Defendants, Shahrookh Bodhanwala and Eity Hosneara, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

23. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24. Each Defendant possessed substantial control over Plaintiff Santos' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Santos, and all similarly situated individuals, referred to herein.

25. Defendants jointly employed Plaintiff Santos (and all similarly situated employees) and are Plaintiff Santos's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26. In the alternative, Defendants constitute a single employer of Plaintiff Santos and/or similarly situated individuals.

27. Upon information and belief, Individual Defendants Shahrookh Bodhanwala and Eity Hosneara operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed corporation.

    f) intermingling assets and debts of their own with Defendant Corporation,

    g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

28.    At all relevant times, Defendants were Plaintiff Santos' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Santos, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Santos 's services.

29.    In each year from 2021 to 2023, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31. Plaintiff Santos is a former employee of Defendants who was employed as a counter worker.

32. Plaintiff Santos seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Octavio Santos Gonzalez*

33. Plaintiff Santos was employed by Defendants from approximately May 1, 2021, until on or about February 16, 2023.

34. Defendants employed Plaintiff Santos as a counter person.

35. Plaintiff Santos regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

36. Plaintiff Santos' work duties required neither discretion nor independent judgment.

37. Throughout his employment with Defendants, Plaintiff Santos regularly worked in excess of 40 hours per week.

38. From approximately May 1, 2021, until on or about January 14, 2022, Plaintiff Santos, worked from approximately 6:00 a.m. until on or about 2:00 p.m., 3 days a week and from approximately 6:00 a.m. until on or about 5:00 p.m., 3 days per week (typically 57 hours per week).

39. From approximately January 15, 2022, until on or about September 30, 2022, Plaintiff Santos worked from approximately 6:00 a.m. until on or about 2:00 p.m., 3 days per week and from approximately 6:00 a.m. until on or about 4:00 p.m., 3 days a week (typically 54 hours per week).

40. From approximately October 1, 2022, until on or about December 14, 2022, Plaintiff Santos worked from approximately 6:00 a.m. until on or about 3:00 p.m., 3 days a week, from approximately 6:00 a.m. until on or about 4:00 p.m., 2 days a week, and from approximately 6:00 a.m. until on or about 1:00 p.m., 1 day a week (typically 51 hours per week).

41. From approximately December 15, 2022 until on or about January 31, 2023, Plaintiff Santos worked from approximately 6:00 a.m. until on or about 3:00 p.m., 2 days a week, from approximately 6:00 a.m. until on or about 2:00 p.m., 2 days a week, and from approximately 6:00 a.m. until on or about 1:00 p.m., 1 day a week (typically 49 hours per week).

42. From approximately February 1, 2023, until on or about February 16, 2023, Plaintiff Santos worked from approximately 6:00 a.m. until on or about 2:00 p.m., 3 days a week, from approximately 6:00 a.m. until on or about 1:00 p.m., 2 days a week, and from approximately 6:00 a.m. until on or about 12:00 p.m., 1 day a week (typically 46 hours per week).

43. Throughout his employment, Defendants paid Plaintiff Santos his wages in a combination of check and cash.

44. From approximately May 1, 2021, until on or about June 30, 2021, Defendants paid Plaintiff Santos $16.00 per hour.

45. From approximately July 1, 2021, until on or about February 16, 2023, Defendants paid Plaintiff Santos $17.00 per hour.

46. Defendants never granted Plaintiff Santos any breaks or meal periods of any kind.

47. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Santos regarding overtime and wages under the FLSA and NYLL.

48. Defendants did not provide Plaintiff Santos an accurate statement of wages, as required by NYLL 195(3).

49. Defendants did not give any notice to Plaintiff Santos, in English and in Spanish (Plaintiff Santos' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

50. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Santos (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

51. Plaintiff Santos was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

52. Upon information and belief, Defendants' time keeping system might not reflect the actual hours that Plaintiff Santos worked.

53. Defendants paid Plaintiff Santos his wages in combination of check and cash.

54. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

55. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

56. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Santos and other similarly situated former workers.

57. Defendants failed to provide Plaintiff Santos and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

58. Defendants failed to provide Plaintiff Santos and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

59. Plaintiff Santos brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

60. At all relevant times, Plaintiff Santos and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and

one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

61. The claims of Plaintiff Santos stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

62. Plaintiff Santos repeats and realleges all paragraphs above as though fully set forth herein.

63. At all times relevant to this action, Defendants were Plaintiff Santos's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Santos (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

64. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

65. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

66. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Santos (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

67. Defendants' failure to pay Plaintiff Santos (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

68. Plaintiff Santos (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

69. Plaintiff Santos repeats and realleges all paragraphs above as though fully set forth herein.

70. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Santos overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

71. Defendants' failure to pay Plaintiff Santos overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

72. Plaintiff Santos was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

73. Plaintiff Santos repeats and realleges all paragraphs above as though fully set forth herein.

74. Defendants failed to provide Plaintiff Santos with a written notice, in English and in Spanish (Plaintiff Santos's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay

day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

75. Defendants are liable to Plaintiff Santos in the amount of $5,000, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

76. Plaintiff Santos repeats and realleges all paragraphs above as though fully set forth herein.

77. With each payment of wages, Defendants failed to provide Plaintiff Santos with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

78. Defendants are liable to Plaintiff Santos in the amount of $5,000, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Santos respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Santos and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Santos' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Santos and the FLSA Class members;

(e) Awarding Plaintiff Santos and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Santos and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Santos;

(h) Awarding Plaintiff liquated damages in an amount equal to one hundred percent (100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interests pursuant to NYLL §191(1)(a), 198;

(i) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Santos' compensation, hours, wages and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Santos;

(k) Awarding Plaintiff Santos damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(l) Awarding Plaintiff Santos damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiff Santos liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n) Awarding Plaintiff Santos and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff Santos and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Santos demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

May 3, 2023

                        CSM LEGAL, P.C

            By:      /s/ Catalina Sojo, Esq.
                        Catalina Sojo [CS-5779517]
                        60 East 42nd Street, Suite 4510
                        New York, New York 10165
                        Telephone: (212) 317-1200
                        Facsimile: (212) 317-1620
                        *Attorneys for Plaintiff*

# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620

catalina@csmlegal.com

March 30, 2023

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          Octavio Santos Gonzalez

Legal Representative / Abogado:   CSM Legal, P.C.

Signature / Firma:      _[signature]_

Date / Fecha:           March 30, 2023